Daniel. J.
The late wife of the plaintiff had been thrice married. First to a man by the name of Harris, aud by him she had three children. Secondly, to a man by the name of Bradley, and by him she had one child. Thirdly, to tho complainant, by whom she had one child James Good: and she died in the year 1840. when the plaintiff became her administrator. The plaintiff, during the cover-ture, “being in embarrassed circumstances and desirous of *633 discharging his debts, and to secure- a'maintenancr for his family,” executed to the defendant, Thomas' H. Harris, a deed in trust for all his property, (which deed makes a part of the case,) to pay hisv debts — “and whatever part of the said property may remain thereafter, the same to be held in trust by the said Thomas Harris, for the use, maintenance and support of the wife of the said Good and her children.” And in case Good should die before his wife, “ then he (the trustee) to reconvey the surplus property, with its accumulated value and quantity unto the widow of the said Good and her children, if she should request it.” The debts of the complainant have all been paid, and 'there is now re-mainingin the hands of the trustee a considerable personal-fund to be distributed. The defendants are the children of Mrs. Good by the three marriages, and the representatives of deceased children, who claim the said property in different ways and in different proportions, under the words in the' deed her children.” The plaintiff claims, 'first, the whole fund as a resulting trust. Secondly, he says that if he is-not entitled to the whole' fund, he is nevertheless entitled as-the administrator of his late wife to a half, and his son to the other half of the said fund, or at least he is so entitled' to- one share with all the the children of his late wife. The case now comes on for a hearing on the bill, answers, and the exhibited deed':-
If the trustee held this personal property in trust only “ for the maintenance of the grantor’s family,” a doubt might fairly arise whether the objects intended to be benefitted: were not so imperfectly described as to make the trust void, and so it would result; for the difficulty that would attend the execution of such- imperfect trusts, is converted by the court into an argument that no trust was intended; Lewm on trusts, 78, 79, and the cases there cited. But the grant- or, in the subsequent and conveying part of the deed, as it relates to this fund, declares that the trustee shall hold the same in trust, “for the use, maintenance and support of his wife and her children,” We here see, that there are well designated cestuis que trusts described in the deed. But ál- *634 though there is no express provision in the deed that the-wife should have a separate estate in the trust, yet it is manifest that was the intention, when we read the whole instrument. That results from the nature of the deed being a provision by a husband for his wife. Steel v Steel, 1 Ired. 452. Besides he directs the trustee, on the contingency of his dying before his wife, that the property “ is to be conveyed to her and her children, if she desires it.” But it makes no difference whether the plaintiff takes his wife’s share by force of his marital right, or as her administrator, for it comes to the same thing in interest as to him. The next question is, what children are to take with him ? We think, that the child (Jas. Good) of the grantor by his then wife, only is to take benefit in the trust with the plaintiff.— We think so, first, because the grantor, in the beginning of the deed, declares that he was about to secure a maintenance for “hisfamily.” The other children were not members of Ms family, at the time of the making of the deed. Again, the grantor declared, that he was in embarrassed circumstances — the property was therefore first to be applied to rid him of debt, and the remainder, whatever it might be, was to continue in trust for the support of his wife aud her children. He expected other children it is probable. To suppose an embarrassed man intended to include four other persons of no kin to him, as sharers in this surplus with his wife and his own children by him, is to suppose the grantor to have laeked common prudence, and also the common sense of self preservation. We think, therefore, from a full reading of the deed itself, he could not so have intended_ We are of the opinion and so declare, that the trustee, Thomas H. Harris, holds the funds mentioned in the pleadings in trust, one moiety for the complainant as the administrator of his late wife, Sylvester Good, and the other moiety in trust for the infant son of the said William Good and Sylvester Good, deceased, by the name of James Good. All costs will be paid out of the fund by the trustee.
Per Curiam, Decree accordingly.